IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIEL MAGDALENO,

                Plaintiff,                         Civil No. 04-1895-PK

      vs.

                                              ORDER

WASHINGTON COUNTY,

                Defendant.

REDDEN, Judge:

      Magistrate Judge Papak filed his findings and recommendation on February 7, 2006, recommending that defendant's motion for summary judgment be granted and a judgment be entered dismissing the action with prejudice. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. When a party objects to any portion of a magistrate judge's findings and recommendation regarding the disposition of any motion excepted in subsection (b)(1)(A), the district court must make a <u>de novo</u> determination of the specified proposed findings or recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Business Machines</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert.</u> <u>denied</u>, 455 U.S. 920 (1982).

1  -  ORDER

Plaintiff has timely filed objections.  I have, therefore, given the file of this case a de novo review.  I agree with Judge Papak's conclusion that defendant's motion for summary judgment should be granted.

Judge Papak found plaintiff failed to show that there is a genuine issue of material fact as to whether plaintiff's PTSD substantially limits his ability to interact with others. Plaintiff must show that his relations with others "were characterized on a regular basis by severe problems, for example, consistently high levels of hostility, social withdrawal, or failure to communicate when necessary."  McAlindin v. County of San Diego, 192 F.3d 1226, 1235 (9th Cir. 1999), cert. denied, 530 U.S. 1243 (2000).  Judge Papak's careful and thorough review of the record reveals insufficient evidence that plaintiff's difficulties in interacting with others were pervasive or of the character required.  Although plaintiff's impairments were serious during isolated periods of time, I agree with Judge Papak that they did not reach the level of being characterized as ongoing, permanent or long-term, with impacts likely to continue into the future.  I reject plaintiff's argument that Head v. Glacier Northwest, Inc., 413 F.3d 1053 (9th Cir. 2005), requires a different result.  The plaintiff in Head presented evidence of severe, pervasive, and ongoing problems that resulted in him avoiding all contact with others.  In this case, the evidence showed that plaintiff functioned in his role as a police officer, a position involving interaction with the public and other officers, even though he had continuing problems with rules, regulations, and orders.

I also agree with Judge Papak's finding that there was insufficient evidence to support plaintiff's claim that defendant regarded him as having an impairment that substantially limited his major life activity of interacting with others.  It is true that defendant knew plaintiff had been diagnosed with PTSD.  However, defendant allowed plaintiff to continue interacting with the public and his colleagues during his entire tenure with the police department, including the periods of time during which his supervisors were waiting for evaluations of plaintiff's psychological stability.  Defendant did not force plaintiff to take leave time or remove him from a position in which he had contact with others.  These are

2   -   ORDER

not the actions of an employer who views an employee as having an impairment that substantially limits his major life activity of interacting with others.

Therefore, I adopt the Magistrate Judge's recommendation that defendant's motion for summary judgment (doc. 12) should be granted and a judgment should be entered dismissing the action with prejudice.

IT IS SO ORDERED.

Dated this 23rd day of March, 2006.


/S/ James A. Redden
James A. Redden
Senior U.S. District Judge

3   -   ORDER